IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**

       **v.**

CARLOS LOPEZ-DIAZ [2],

    **Defendant.**

**CIVIL NO.** 11-319 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

    Pending before the Court is Defendant Carlos Lopez-Diaz's [2] Motion to Suppress (Docket No. 101), and the Magistrate Judge's Report and Recommendation (the "Report") advising the Court to deny said motion (Docket No. 122). For the reasons stated below, the Court **ADOPTS** the Report, and accordingly, **DENIES** Defendant's Motion to Suppress.

## BACKGROUND[1]

    Co-defendant Carlos López-Díaz [2] ("López-Díaz [2]") is a licensed dentist who operated a mobile clinic providing dental services in Puerto Rico. He was charged, together with other defendants, in an Indictment with conspiracy to commit health care fraud from January 1, 2006 through July 27, 2011. López-

---

[1] This section is taken with minor modifications from the Report.

Díaz [2] was also charged with providing the personal information of beneficiaries[2] to the principal suspect, his brother José López-Díaz ("López-Díaz [1]"). (Docket No. 3, Indictment, ¶¶1-14). Finally, Co-defendant López-Díaz [2] stands accused of aggravated identity theft for aiding and abetting Lopez-Diaz [1]. (Docket No. 3, Indictment, p. 12 ¶¶ 16-20).[3]

On November 23, 2011, defendant López-Díaz [2] filed a "Motion to Suppress Evidence Illegally Seized from his Home and Home Offices" claiming the search warrant executed at his home and home offices on July 27, 2011, at Urb. Baldrich lacked probable cause because the search warrant and the affidavit in support thereof were primarily the result of an investigation of his brother. López-Díaz [2] seeks to suppress the evidence seized during the search conducted at Urb. Baldrich and all evidence subsequently obtained as a result, including any statement made by López-Díaz [2]. (Docket No. 101). López-Díaz [2] also claims that the agents withheld in the affidavit that there was no evidence that defendant knew of any alleged fraudulent billings by his brother. Thus, López-Díaz [2] argues

---

[2] This information included names, addresses, telephone numbers, dates of birth and medical plan insurance identification numbers.

[3] The Indictment contains a forfeiture allegation under Title 18, United States Code, Section 982(a)(7) upon conviction for Counts One through Fifteen, for money equal to $547,410.01 of proceeds obtained as a result of the offenses.

CIVIL NO. 11-319 (JAG)                                                3

that the good faith exception for search warrants does not apply. Furthermore, he requests a <u>Franks</u> hearing, <u>Franks v. Delaware</u>, 438 U.S. 458 (1978), on the basis that there are factual issues that impede a proper ruling on his motion to suppress.

On the other hand, the Government contends that there was probable cause for the Magistrate Judge to issue the search warrant in question, as there was reason to believe evidence supporting health care fraud and identity theft was being maintained at said home and home offices. In addition, the government claims the location of López-Díaz's [2] address was obtained from the Medicare Enrollment documentation, bank records and the Puerto Rico Department of Motor Vehicle records, thus making the location a place of business for López-Díaz [2]. (Docket No. 116).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72, a district court may refer dispositive motions to a United States magistrate judge for a Report and Recommendation. <u>See</u> <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of

CIVIL NO. 11-319 (JAG)                                                          4

being served' with a copy of the order." United States v.
Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28
U.S.C. § 636(b)(1)). If objections are timely filed, the
district judge shall "make a de novo determination of those
portions of the report or specified findings or recommendation
to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g
Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court
can "accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate." Alamo
Rodriguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris
Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the
affected party fails to timely file objections, the district
court can assume that they have agreed to the magistrate judge's
recommendation. Id.

    In Spinelli v. U.S., the Supreme Court outlined four
"established propositions" that govern probable cause and the
issuance and review of search warrants. See Spinelli v. U.S.,
393 U.S. 410, 590-591 (1969). First, "that only the probability,
and not a prima facie showing, of criminal activity is the
standard of probable cause." Id. Second, "that affidavits of
probable cause are tested by much less rigorous standards than
those governing the admissibility of evidence at trial." Id.
Third, "that in judging probable cause issuing magistrates are

not to be confined by niggardly limitations or by restrictions on the use of their common sense." Id. Finally, "that their determination of probable cause should be paid great deference by reviewing courts." Id.

## ANALYSIS

Lopez-Diaz [2] argues that the Magistrate Judge erred in concluding that there was probable cause to search his home and offices. Specifically, he contends that a close reading of the affidavit "makes clear that there is little or nothing implicating [López-Díaz [2]] in knowingly and intentionally participating" in the illegal activities of his brother, López-Díaz [1]. (Docket No. 137, p.8).[4] In essence, he argues that the search warrant was illegal because the agents did not have probable cause to arrest him.

This argument does not hold water. In Zurcher v. Stanford Daily, the Supreme Court held that "once it is established that probable cause exists to believe a federal crime has been committed[,] a warrant may issue for the search of any property which the magistrate has probable cause to believe may be the place of concealment of evidence of the crime." Zurcher v.

---

[4] Defendant makes no specific objection to the Report. Rather, Defendant reiterates the arguments already presented and disposed of before the Magistrate Judge.

Stanford Daily, 436 U.S. 547, 558 (1978)(internal citations
omitted). Zurcher validated a search warrant executed on the
property of a third party, notwithstanding the fact that there
was no probable cause to arrest the property's owner or anyone
inside that property. The Court thought it "untenable to
conclude that property may not be searched unless its occupant
is reasonably suspected of crime and is subject to arrest."
Zurcher, 436 U.S. at 559. Shortly thereafter, the First Circuit
recognized that this "rule is obviously the same with respect to
a person who the police do indeed suspect but do not have
probable cause to arrest; such a person's property may be
searched upon probable cause to believe that fruits,
instrumentalities, or evidence of the crime are present, even
though the products of the search may implicate him." U.S. v.
Melvin, 596 F.2d 492, 496 (1st Cir. 1979) (citing Carroll v.
United States, 267 U.S. 132, 158-59 (1925)).

     Consequently, even if the affidavit did not establish
probable cause to believe that Defendant Lopez-Diaz [2] had
committed a crime, a matter which we do not decide here, the
warrant authorizing the search of his house and office was
valid. The Magistrate Judge correctly concluded that the
affidavit, fairly read, establishes probable cause to believe
that a crime had been committed, and that Defendant Lopez-Diaz's

CIVIL NO. 11-319 (JAG)                                                      7

[2] Baldrich property might have been "the place of concealment of fruits, instrumentalities, or evidence of the crime."[5]

In an attempt to save his argument from the holdings in Zurcher and Melvin, defendant offers as persuasive authority Voicenet Communications, Inc. v. Corbett, Civil Case No. 04-1318, Slip Copy, 2010 WL 3657840 (E.D.Pa. 2010).[6] In that case, according to defendant, the affidavit that supported the search warrant alleged that the property owner committed a federal offense. Thus, in order for the warrant to be valid, "the magistrate must have been able to conclude that under the totality of the circumstances there was a 'fair probability'" that the suspect knowingly committed the crime. Id. at *8-9. The Court does not dispute that there must be probable cause to believe a crime has been committed in order to issue a search warrant.[7] But that is beside the point. In the case at bar, the

---

[5] The Magistrate Judge gave additional weight to the affidavit, as it was "based on information provided by multiple sources." (Docket No. 122, p.9). These sources included co-defendant Ms. Williams-Nieves (who worked as a secretary for both defendants Lopez-Diaz); the observations of the federal agents in charge of the investigation; statements made by health care providers; and statements from people associated with Hogar Huerto de Jesus and Hogar Cristo Rey.

[6] This case was decided by a district court in the Third Circuit and as such, carries little weight of authority.

[7] The application for a search warrant must allow for probable cause to believe that 1) a crime has been committed, and 2) specific evidence of the offense will be found at the place to be searched.

CIVIL NO. 11-319 (JAG)                                                    8

affidavit was ripe with information that allowed probable cause to believe that a health-care fraud scheme had taken place. Thus, Corbett adds nothing to our analysis. Id.

As the Report describes in detail, the prime suspect used his brother's mobile medical practice as a springboard to launch his fraudulent scheme. The sources in the affidavit indicated that documents and evidence relating to this crime were located in defendant 2's property. The Magistrate Judge found, *inter alia*, that "a spreadsheet containing López-Díaz [2]'s patient information was created and kept at his home offices." (Docket No. 122, p.10). López-Díaz [1] would make copies of this spreadsheet at his brother's house, and use the information gleaned to fill out the fraudulent medical claims. *Id.* On the other hand, Ms. Williams-Nieves, secretary to both brothers, stated that López-Díaz [1] worked as a "general practitioner" and kept medical documents in his brother's office. (Id. at p.8). Finally, we note that López-Díaz [1] based many of his fraudulent claims on the personal information of his brother's patients. (See Docket No. 122, p.6-7). Thus, there was probable cause to think that Lopez-Diaz's [2] home and office in Baldrich was a place of concealment for the instrumentalities or evidence

CIVIL NO. 11-319 (JAG)                                             9

of the fraud scheme. The search warrant to examine López-Díaz's [2] property was clearly valid.[8]

Material Omissions in the Affidavit and the Franks Hearing

Lopez-Diaz [2] also argues for suppression on the basis that the agents made material omissions in their application for a search warrant. He contends that the agents "knew full well that there was no evidence that Dr. Carlos Lopez knew of any alleged fraudulent billings by his brother, Dr. Jose Lopez." (Docket No. 137, p. 11). Therefore, defendant 2 claims, the Magistrate Judge had no basis to find probable cause to issue the search warrant.

The Magistrate Judge determined that these omissions are immaterial because the affidavit included large amounts of evidence from other sources. Effectively, the Magistrate Judge found that even if the "misleading statements from the affidavit were excised – or included – there would still be more than adequate showing of probable cause." (Docket No. 122, p.13). Here, we pay great deference to the Magistrate Judge's determination of probable cause. Spinelli, 393 U.S. at 590-591. After carefully examining the Report and the associated

_____

[8] Since we find that the search warrant is valid, we need not reach López-Díaz's [2] arguments regarding the good faith exception. United States v. Leon, 468 U.S. 897 (1984).

CIVIL NO. 11-319 (JAG)                                                    10

Objections, we find no reason to depart from the Magistrate Judge's reasoning. In addition, the Magistrate Judge's conclusion is consistent with our finding above: López-Díaz [2]'s knowledge of his brother's scheme has no bearing on the validity of the search warrant issued in this case.

Finally, Lopez-Diaz [2] requests a hearing on the motion to suppress under Franks v. Delaware, 438 U.S. 458 (1978). This type of pretrial hearing is necessary when there are factual disputes that, if resolved in the defendant's favor, would warrant the requested relief. United States v. D'Andrea, 648 F.3d 1, 3 (1st Cir. 2011). However, as we stated above, even if we found that defendant 2 had no knowledge of his brother's illicit dealings, the search warrant would still be valid. Thus, a Franks hearing would be of no help to López-Díaz [2].

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and thus **DENIES** Defendant's Motion to Suppress and request for a Franks hearing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of January, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge